UNITED STATES DISTRICT COURT
SOUTEHRN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBYN NICOLE WILSON-WOLF,                          Docket No. 22-cv-10066

                           Plaintiff,

             -against-                             Defendant Tesla, Inc. Hereby
                                                  Demands A Trial by Jury
TESLA VEHICLES,

                           Defendant.

-------------------------------------------------------------------X

### DEFENDANT TESLA, INC.'S ANSWER TO
### PLAINTIFF ROBYN NICOLE WILSON-WOLFE'S
### VERIFIED COMPLAINT

Defendant Tesla, Inc. ("Tesla"), incorrectly named and sued in this action as "Tesla Vehicles", by and through the undersigned counsel, hereby denies every allegation of liability against it in Plaintiff's Verified Complaint and further responds as follows:

1.      Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's Verified Complaint ("Complaint") and therefore denies same.

2.      Tesla denies the allegations in Paragraph 2 of the Complaint in the form alleged and to the extent they call for a legal conclusion to which no response is required. Tesla admits that it is now, and was at the time the Complaint was filed, a Delaware corporation with a principal place of business at 1 Tesla Road, Austin, Texas.

3.      Tesla denies the allegation in Paragraph 3 of the Complaint in the form alleged and to the extent they call for a legal conclusion to which no response is required. Tesla admits that it is now, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business at 1 Tesla Road, Austin, Texas.

4.      Tesla denies the allegations in Paragraph 4 of the Complaint.

5.      Tesla denies the allegations in Paragraph 5 of the Complaint in the form alleged. Tesla admits it is now, and was at the time the Complaint was filed, a Delaware corporation with its principal place of business at 1 Tesla Road, Austin, Texas. Tesla also admits it services and distributes Tesla vehicles in multiple states, including New York.

6.      Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies same.

7.      Tesla denies the allegations in Paragraph 7 of the Complaint in the form alleged. Tesla admits it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles.

8.      Tesla denies the allegations in Paragraph 8 of the Complaint in the form alleged. Tesla admits it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles.

9.      Tesla denies the Subject Vehicle was defective in any manner and denies that Tesla committed any act or omission which caused or contributed to cause the alleged accident or any of Plaintiff's alleged injuries or damages. Tesla is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9 of the Complaint and therefore denies and demands strict proof of same at trial.

10.      Tesla denies the Subject Vehicle was defective, denies it was negligent and denies it caused the accident and Plaintiff's alleged injuries and/or damages. Tesla is without sufficient information to sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore denies and demands strict proof of same at trial.

11.     The allegations in Paragraph 11 of the Complaint contain a legal statement to which no response is required. To the extent a response is required, Tesla admits certain warranties may exist by operation of law. Tesla is without sufficient information to sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies and demands strict proof of same at trial.

12.     Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies and demands strict proof of same at trial.

13.     Tesla denies the allegations in Paragraph 13 of the Complaint.

14.     Tesla denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint contain a legal statement to which no response is required. To the extent a response is required, Tesla admits certain duties may exist by operation of law with respect to some persons. Tesla is without sufficient information to sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, and therefore denies and demands strict proof of same at trial.

16.     Tesla denies the allegations in Paragraph 16 of the Complaint.

17.     Tesla denies the allegations in Paragraph 17 of the Complaint.

18.     Tesla denies the allegations in Paragraph 18 of the Complaint.

19.     Tesla denies the allegations in Paragraph 19 of the Complaint.

20.     Tesla denies the allegations in Paragraph 20 of the Complaint.

21.     Tesla denies the allegations in Paragraph 21 of the Complaint.

22.     Tesla denies the allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint contain a legal statement to which no response is required. To the extent a response is required, Tesla denies the allegations in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 of the Complaint contain a legal statement to which no response is required. To the extent a response is required, Tesla denies the allegations in Paragraph 24 of the Complaint.

25.     The allegations in Paragraph 25 of the Complaint contain a legal statement to which no response is required. To the extent a response is required, Tesla denies the allegations in Paragraph 25 of the Complaint.

26.     Tesla denies the allegations in Paragraph 26 of the Complaint.

## GENERAL AND AFFIRMATIVE DEFENSES

27.     Tesla incorporates by reference its responses to Paragraphs 1-26 as though fully set forth herein and further responds to Plaintiff's Complaint as follows:

28.     Plaintiff's Complaint fails to state a claim upon which relief may be granted, and Tesla hereby moves for dismissal of Plaintiff's Complaint as a matter of law.

29.     The Subject Vehicle was not and is not defective or unreasonably dangerous in any manner. Neither the condition of the Subject Vehicle nor any conduct, act, omission, or representation by Tesla with respect to the Subject Vehicle caused, or contributed to cause, Plaintiff's injuries and damages, as alleged in the Complaint.

30.     Plaintiff's alleged injuries and damages may have been caused, in whole or in part, by the acts and/or omissions of Plaintiff, third parties, and/or circumstances beyond Tesla's control. Accordingly, Plaintiff's recovery in this action may be barred in whole or in part. Plaintiff's recovery in this action, if any, should be proportionately reduced and/or barred based

on the actions of Plaintiff, other persons or entities, and/or circumstances beyond Tesla's control which were a cause, proximate cause, producing cause, intervening, or superseding cause of the accident and any damages and/or injuries to Plaintiff resulting therefrom.

31.     The negligence, acts, or omissions of another, not Tesla, caused or contributed to the alleged loss/damages; and such negligence, act, omission, was the sole proximate cause, contributing cause, or independent intervening cause of the loss alleged.

32.     The loss alleged resulted from the abuse, misuse, or alteration of the Subject Vehicle and, hence, the Plaintiff may not recover.

33.     The Subject Vehicle was manufactured and designed in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations, and, hence, the Plaintiff may not recover.

34.     The Subject Vehicle was not unreasonably dangerous, defective, or unsafe since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture. Tesla specifically pleads and asserts the state-of-the-art defense.

35.     Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

36.     Plaintiff failed to mitigate Plaintiff's damages and, hence, the Plaintiff may not recover or, alternatively, may not recover fully the alleged damages.

37.     Tesla is entitled to any and all rights and privileges under the Federal Preemption Doctrine.

38.     Tesla is entitled to a set-off for all settlements and compensation that the Plaintiff has received, or may receive, as a result of her alleged injuries and damages.

39.     Tesla is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of New York.

40.     Tesla has been prejudiced in its defense to the extent that evidence relevant to this case, including the Subject Vehicle, has not been preserved by Plaintiff and/or has been destroyed or altered by others. Therefore, to the extent that the evidence supports same, Tesla asserts the defense of spoliation.

41.     Tesla contends that the Subject Vehicle has a reasonably safe design as measured by the risk utility analysis and/or consumer expectations.

42.     Plaintiff's recovery may be barred in whole or in part due to Plaintiff's failure to satisfy pertinent conditions precedent to the claims alleged in the Complaint.

43.     Plaintiff's damages in this action were not the result of any defect in material or workmanship with respect to the subject vehicle.

44.     Plaintiff's claims may be barred in whole or in part by warranty exclusions.

45.     Plaintiff's claims may be barred by the governing statute of limitations.

46.     Plaintiff's recovery may be barred in whole or in part on equitable grounds, including but not limited to laches, waiver, and estoppel.

47.     Tesla reserves the right to amend its answer and assert additional defenses as its investigation and discovery of this case proceeds and as may be permissible by law.

## **DEMAND FOR JURY TRIAL**

48.     Tesla hereby demands a trial by jury of all the issues triable by right.

**WHEREFORE**, Tesla prays that Plaintiff take nothing by this suit and for such other and further relief to which it may show itself justly entitled.

Dated: November 28, 2022

AARONSON RAPPAPORT FEINSTEIN &
DEUTSCH, LLP

*Peter J. Fazio*

By: _____
Peter J. Fazio (PJF1211)
*Attorneys for Defendant*
*TESLA, INC., sued incorrectly herein as "Tesla*
*Vehicles"*
600 Third Avenue
New York, New York 10016
212-593-5458
pjfazio@arfdlaw.com

TO:

REDMON LAW FIRM, PLLC
80 Broad Street, Suite 1202
New York, New York 10004
Attention: Cornelius Redmond, Esq.
(212) 799-8989
credmond@redmondfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer has been filed electronically on the **28th day of November, 2022**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| REDMON LAW FIRM, PLLC<br>80 Broad Street, Suite 1202<br>New York, New York 10004<br>Attention: Cornelius Redmond, Esq.<br>(212) 799-8989<br>credmond@redmondfirm.com | |
| | |

*Peter J. Fazio*

_____

Peter J. Fazio, Esq.
Aaronson Rappaport Feinstein &
Deutsch, LLP
600 Third Avenue
New York, New York 10016
Telephone:  (212) 593-5458
Fax:  (212) 593-6970
E-Mail: pjfazio@arfdlaw.com
*Counsel for Tesla, Inc.*