USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/12/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBYN NICOLE WILSON-WOLF

                    Plaintiff,

-against-

TESLA VEHICLES,

                    Defendants.

22 CV 10066 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiff Robyn Nicole Wilson-Wolfe ("Plaintiff" or "Wolfe") brings this products liability action against Defendant Tesla, Inc.[1] ("Defendant" or "Tesla"), alleging that a defect in her 2021 Tesla Model 3 caused a single-vehicle accident on March 12, 2022. (*See generally* Complaint ("Compl."), ECF No. 1-1.)

Presently before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (*See generally* Dft. Motion ("Mot."), ECF No. 46.) For the reasons set forth below, Defendant's motion is GRANTED in its entirety.

**BACKGROUND**

**A.  FACTUAL BACKGROUND**

The facts below are taken from Defendants' Statement of Material Facts (Rule 56.1, ECF No. 50), Plaintiff's Response to the Statement of Material Facts ("Pltf. Resp." Rule 56.1, ECF No. 51), and are uncontested except where otherwise indicated. The Court recites these facts as the relevant factual background for purposes of its analysis in this Opinion.

---

[1] Defendant represents that it was incorrectly named in the Complaint as "Tesla Vehicles," and that the proper defendant is Tesla, Inc. (Defendant ("Dft.") Reply at 1, ECF No. 53.)

Plaintiff owned a 2021 Tesla Model 3 and was operating the vehicle on March 12, 2022, at approximately 11:13 a.m., on Interstate 87 in Yonkers, New York. (Dft. Rule 56.1 ¶¶ 1–2; Pltf. Rule 56.1 Resp. ¶¶ 1–2.) The investigating police officer recorded the road conditions as snowy and icy. (Dft. Rule 56.1 ¶ 3.) Plaintiff does not dispute the existence of winter conditions but maintains that the police report did not consider the role she alleges a touchscreen malfunction played in her loss of vehicle control. (Pltf. Rule 56.1 Resp. ¶ 3.)

The police accident report reflects that the vehicle hydroplaned, struck a center median, crossed back over the travel lanes, and struck a second median before coming to rest. (Dft. Rule 56.1 ¶ 4.) The officer further concluded that unsafe speed and an unsafe lane change contributed to the crash. (Dft. Rule 56.1 ¶ 5.) Plaintiff challenges these conclusions, asserting that the officer was not present at the time of the crash and did not inspect the vehicle for software-related issues. (Pltf. Rule 56.1 Resp. ¶ 5.)

Plaintiff alleges that the crash occurred because the vehicle experienced a "frozen screen," during which "the screen went black, and all alerts stopped working," causing the vehicle to "not function properly." (Pltf. Rule 56.1 Resp. ¶¶ 6, 20.) Defendant, by contrast, asserts that its corporate representative reviewed vehicle diagnostic data from the time of the crash and found no evidence that the touchscreen froze or blacked out. (Dft. Rule 56.1 ¶¶ 10–11, 17.) Plaintiff disputes the reliability and completeness of that data, contending that the diagnostic logs do not capture every malfunction and that resets performed before the crash may have erased relevant information. (Pltf. Rule 56.1 Resp. ¶¶ 9–11.)

Defendant maintains that even if the touchscreen in a 2021 Tesla Model 3 were to freeze, the driver would retain full control over steering, braking, and acceleration. (Dft. Rule 56.1 ¶¶ 12, 19.)  Plaintiff does not dispute that core driving functions remained mechanically available, even

2

during prior incidents when she allegedly experienced touchscreen issues. (Pltf. Rule 56.1 Resp. ¶¶ 19–20.) She contends, however, that secondary features—such as windshield wipers, turn signals, alerts, and the speed display—were unavailable, impairing her ability to respond safely to road conditions. (*Id.* ¶¶ 12, 15–16.)

Defendant further contends that neither vehicle data nor the police report reflects any alert or condition indicating a touchscreen defect that would interfere with vehicle control, and that both sources indicate the vehicle hydroplaned before striking the median. (Dft. Rule 56.1 ¶¶ 20–22.) Plaintiff maintains that hydroplaning does not negate Tesla's responsibility for an alleged touchscreen defect and asserts that the loss of touchscreen-controlled features made it more difficult for her to regain control in hazardous conditions. (Pltf. Rule 56.1 Resp. ¶¶ 21–22.)

In light of the above, Plaintiff alleges Defendant should be liable for her injuries and brings this action asserting product liability claims sounding in strict liability, negligence, and breach of the implied warranty of merchantability. (Dft. Rule 56.1 ¶ 7; Pltf. Rule 56.1 Resp. ¶ 7.)

## PROCEDURAL HISTORY

Plaintiff commenced this action in New York Supreme Court on October 27, 2022. (Compl., ECF No. 1-1.) Defendant removed the action to this Court on November 28, 2022, invoking diversity jurisdiction. (ECF No. 1.) On March 18, 2025, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 and filed a Statement of Material Facts. (ECF Nos. 46, 50.) Plaintiff opposed the motion, filed a response to Defendant's Statement of Material Facts, and requested additional discovery. (Pltf. 56.1 Resp., ECF No. 51; Pltf. Opp., ECF No. 44.) Defendant thereafter filed a reply. (Dft. Reply, ECF No. 53.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, *i.e.*, whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations [*18] omitted). Notably, "the judge's function is not [ ] to weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original). To prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there

is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996). Rather, the non-moving party must advance more than a "scintilla of evidence," *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

### A.  Plaintiff Fails to Establish a Prima Facie Products Liability Case

Plaintiff asserts claims sounding in negligence, strict liability, and breach of the implied warranty of merchantability, arising from an alleged touchscreen malfunction in her Tesla vehicle. (Dft. Rule 56.1 ¶ 7; Pltf. Rule 56.1 Resp. ¶ 7.) Under New York law, a plaintiff pursuing any of these products-liability theories must establish that the product was defective and that the defect was a substantial factor in causing the plaintiff's injury. *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106–09 (1983). New York recognizes three types of product defects: manufacturing defects, design defects, and defects based on inadequate warnings (i.e., "failure to warn"); *McCarthy v. Olin Corp.*, 119 F.3d 148, 154–55 (2d Cir. 1997).

As discussed in detail below, Plaintiff's product liability claims cannot survive summary judgment under theories of manufacturing defect, failure to warn, or design defects.

### i.    Strict Liability and Negligence Claims

Under New York law, which applies in this diversity action, negligence claims under the three theories, manufacturing defect, failure to warn, and design defects, are "functionally equivalent" to their strict liability counterparts. *Oden v. Boston Scientific Corp.,* 330 F.Supp.3d 877, 2018 WL 3102534 at *4 (E.D.N.Y. June 4, 2018); *see also Colon ex rel. Molina v. BIC USA,*

*Inc.*, 199 F.Supp.2d 53, 83 (S.D.N.Y. 2001) ("Courts have noted that, for the purposes of analyzing a design defect claim, the theories of strict liability and negligence are virtually identical*."); Rosen v. St. Jude Medical, Inc.*, 41 F.Supp.3d 170, 182 (N.D.N.Y. 2014) ("Under New York law, to state a claim for manufacturing defect under theories of strict liability or negligence, the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury.") (internal quotation marks omitted); *Estrada v. Berkel Inc.*, 14 A.D.3d 529, 789 N.Y.S.2d 172 (2005) ("Where liability is predicated on a failure to warn, New York views negligence and strict liability claims as equivalent.") (quoting *Martin v. Hacker*, 83 N.Y.2d 1, 607 N.Y.S.2d 598, 628 N.E.2d 1308, n.1 (1993). The Court will therefore consider Plaintiff's negligence and strict products liability claims together.

### 1. Manufacturing Defect

Plaintiff's manufacturing defect claim fails because she offers no expert proof that the Tesla touchscreen malfunctioned, caused the crash, or that other factors did not contribute. A manufacturing defect claim is based on an allegation that the specific product causing the plaintiff's injury was not manufactured as designed. *Tears v. Bos. Sci. Corp.,* 344 F. Supp. 3d 500, 510 (S.D.N.Y. 2018). To successfully plead such a claim, the complaint must allege both that "a specific product unit was defective as a result of some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction," and that "the defect was the cause of plaintiff's injury." *Colon,* 199 F. Supp. 2d at *85.

Where, as here, the claim turns on the alleged malfunction of complex vehicle software and integrated electronic systems, expert testimony is generally required to establish both defect and causation. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (affirming summary judgment where expert testimony was required to establish causation); *Tiner v. Gen. Motors Corp.*,

909 F. Supp. 112, 117 (N.D.N.Y. 1995) (holding that expert testimony is generally required to establish a design or manufacturing defect when the alleged defect cannot be inferred from the plaintiff's own observations). This is because Plaintiff must not only show that a specific touchscreen unit malfunctioned—satisfying the requirement that the defect affected a particular product—but also prove that the alleged malfunction caused the accident. These questions involve the operation of software, electronic interfaces, integrated safety systems, and their interaction with vehicle dynamics under variable road and weather conditions. (*See* Dft. Reply at 2-3, 7.) Such issues are beyond the understanding of an ordinary juror, and cannot be established through lay testimony or speculation. *Derienzo v. Trek Bicycle Corp.,* 376 F. Supp. 2d 537, 551 (S.D.N.Y. 2005) ("Since there are scientific and technical issues involved in this determination, expert proof is required.").

Here, Plaintiff relies solely on her own testimony to support her claim that a touchscreen malfunction caused her to lose control of the vehicle. (Pltf. Opp. ¶¶ 28–34.) Critically, she has not retained any expert to support her assertions. (Dft. Reply at 2-3.) By contrast, Defendants offer expert testimony from Mr. Arora, an engineer, who avers that even if the touchscreen froze, the driver would have retained control over core driving functions such as steering, braking, and acceleration—functions Plaintiff does not dispute remained mechanically available. (Dft. Reply at 5–8; Pltf. Rule 56.1 1 ¶ 19.)  Plaintiff herself conceded in her deposition that she was able to operate these functions despite the alleged touchscreen malfunction. (Dft. Reply at 8; Pltf. Dep. Tr. at 43.3-6, ECF No. 44-1.) Absent expert testimony linking the alleged touchscreen failure to a loss of vehicle control, Plaintiff's lay observations cannot establish either a specific manufacturing defect or proximate causation. *Derienzo,* 376 F. Supp. 2d at *551; *Michael v. Gen. Motors Co.,* No. 15 CIV. 3659 (CM), 2018 WL 6332883, at *8 (S.D.N.Y. Nov. 13, 2018) ("Although expert

testimony is not always fatal to a manufacturing defect claim, its absence is excusable only when the technical issues involved are within the ken of the average juror."). Specifically, Plaintiff fails to offer any evidence explaining how the touchscreen system operates, whether it malfunctioned as alleged, or specifics on how any such malfunction would have impaired vehicle control under the conditions present at the time of the crash. (Dft. Reply at 3–4.) Such evidence is essential to sustaining her claim.

Plaintiff likewise cannot proceed under New York's narrow circumstantial-defect doctrine. Although a manufacturing defect may, in limited circumstances, be established through circumstantial evidence, a plaintiff proceeding without identifying a specific flaw must show that the product 1) did not perform as intended and 2) must exclude all other reasonable causes of the accident not attributable to the defendant. *Speller v. Sears, Roebuck & Co.*, 790 N.E.2d 252, 256 (N.Y. 2003); *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 510–11 (E.D.N.Y. 2019). That burden is demanding, particularly in the automotive context, where vehicles are "routinely involved in accidents in the absence of any defect." (Dft. Reply at 4.) Accordingly, a plaintiff must do more than speculate about a product defect; she must affirmatively negate other plausible causes of the accident. Here, Defendant points to record evidence of adverse weather conditions, hydroplaning, and unsafe driving conditions as independent explanations for the accident. (*Id*. at 5–8.) Plaintiff, however, offers no expert testimony whatsoever—and no other competent evidence—excluding these alternative causes. Her failure to do so is dispositive. *See Derienzo,* 376 F. Supp. 2d at *551 ("If a defendant's expert states that a defect in its product could not be the cause of the accident, plaintiff must rebut this assertion with admissible expert testimony.").

8

Plaintiff's suggestion that Defendant was required to "rule out" a defect misstates the governing burden. (*See* Pltf. Opp. ¶¶ 17, 48.) It is Plaintiff's burden—not Defendant's—to establish defect and causation. *Lewis v. Chrysler/FCA US LLC*, No. 23-CV-02631 (PMH), 2024 WL 4124694, at *6 (S.D.N.Y. 2024) (granting summary judgment where plaintiff alleged electronic malfunction but failed to provide expert testimony linking defect to crash and failed to rule out driver error). As explained above, Plaintiff has not met that burden. Accordingly, she fails to raise a triable issue of fact on her manufacturing-defect theory, and summary judgment is warranted with respect to this theory.

### 2.  Failure to Warn

Plaintiff's failure-to-warn claim likewise fails.  Under New York law, "a failure to warn claimant must show (1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." *Colon,* 199 F.Supp.2d at *84.

The adequacy of a warning is often a question of fact, but it is not immune from summary judgment. *Id.* at 85 (warning adequacy generally factual but subject to summary judgment where record permits only one conclusion). A failure-to-warn claim cannot proceed where the plaintiff does not identify a specific warning deficiency, where the risk was open and obvious, or where there is no evidence that an additional warning would have altered the plaintiff's conduct or prevented the injury. *See id; Anderson v. Bungee Int'l Mfg. Co.*, 44 F. Supp. 2d 534, 542 (S.D.N.Y. 1999) (no duty to warn where plaintiff was aware of the risk).

Here, Plaintiff's failure-to-warn claim fails as a matter of law because she neither identifies a specific warning deficiency nor provides any evidence that an additional or different warning would have altered her conduct or prevented the accident. In New York, there is a presumption

that a user would have heeded an adequate warning if one had been provided and that the injury would not have occurred. *Colon*, 199 F. Supp. 2d at \*85. That presumption, however, does not relieve a plaintiff of the obligation to identify the warning at issue and establish causation. *Id.* Here, Plaintiff does not identify what specific warning on the touchscreen Tesla allegedly failed to provide to prevent hydroplaning, when such a warning should have been given, or how an additional or different warning would have altered her conduct under the weather and road conditions present. (Dft. Reply at 6–9.) This failure is dispositive. Plaintiff neither identifies a specific warning deficiency nor presents evidence that any different or additional warning would have been read, heeded, and would have prevented the accident. *See Lewis v. Chrysler/FCA US LLC*, 2024 WL 4124694, at \*6 ("To the extent Plaintiff advances a failure-to-warn claim, the Court cannot, on this record, ascertain what warning is the subject of her claim."); *Amica Mut. Ins. Co. v. Electrolux Home Prod., Inc.*, 440 F. Supp. 3d 211, 220 (W.D.N.Y. 2020) (granting summary judgment where "plaintiff has not specifically identified a deficiency in the defendant's warnings.").

Finally, to the extent Plaintiff's failure-to-warn theory is predicated on the same alleged touchscreen malfunction underlying her manufacturing-defect claim, it fails for the same reason: Plaintiff cannot establish defect-related causation without expert testimony. Where a failure-to-warn claim depends on the existence of a complex product defect and its causal relationship to an accident, a plaintiff must present competent evidence linking the alleged defect, the absence of an adequate warning, and the resulting injury. *See Lewis,* 2024 WL 4124694, at \*6–7 (dismissing failure-to-warn claim where plaintiff could not establish that alleged electronic malfunction caused the crash); *Amica,* 440 F. Supp. 3d at \*220 (failure-to-warn claim fails where plaintiff offered no expert opinion connecting alleged warning deficiency to the loss).

Here, as explained above, Plaintiff offers no expert testimony establishing that a touchscreen malfunction occurred, that such a malfunction affected vehicle operation in the manner alleged, or that any additional or different warning would have prevented the loss of control. (Dft. Reply at 1-5.) Absent such evidence, the causal chain necessary to sustain a failure-to-warn claim—linking the alleged defect, the asserted warning deficiency, and the accident—remains speculative. New York law does not permit a jury to infer causation in these circumstances without technical or scientific support. *See Wills,* 379 F.3d at 46.

Accordingly, Plaintiff has failed to raise a triable issue of fact as to any element of her failure-to-warn claim.

### 3. Design Defect

Plaintiff's design-defect claim also fails as a matter of law. Under New York law, a plaintiff must show that the product, as designed, posed a substantial likelihood of harm, that it was feasible to design the product in a safer manner, and that the alleged defective design was a substantial factor in causing the plaintiff's injury. *Voss*, 59 N.Y.2d at 107–09; *Clarke v. LR Sys.*, 219 F. Supp. 2d 323, 330 (E.D.N.Y. 2002).

Where the alleged defect involves complex engineering tradeoffs and technical design questions, a plaintiff cannot survive summary judgment without admissible expert testimony addressing risk–utility considerations and the feasibility and efficacy of a safer alternative design. *Kass v. W. Bend Co.*, 158 F. App'x 352, 353 (2d Cir. 2005); *Frazer v. ITW Food Equip. Grp. LLC,* No. 11-CV-9699 CS, 2013 WL 6164486, at *5 (S.D.N.Y. 2013) ("A party cannot survive summary judgment on a design defect claim without admissible expert testimony"); *Cuntan v. Hitachi KOKI USA, Ltd.*, No. 06-CV-3898, 2009 WL 3334364, at *6 (E.D.N.Y. 2009) (collecting cases). In particular, New York law requires expert testimony to establish that a proposed alternative design

was both technically and economically feasible at the time of manufacture. *Ruthosky v. John Deere Co.*, 235 A.D.2d 620, 622 (3d Dep't 1997).

Here, Plaintiff has designated no expert capable of opining on the design of the vehicle's touchscreen system, the engineering tradeoffs inherent in that design, or the feasibility of any safer alternative. Without such testimony, Plaintiff cannot establish that the design was not reasonably safe under the risk–utility framework or that any alleged design feature caused the accident. *See Sorto-Romero v. Delta Int'l Mach. Corp.*, No. 05-CV-5172 (SJF) (AKT), 2007 WL 2816191, at *10 (E.D.N.Y. Sept. 24, 2007) ("In order to establish that an alternative design would have permitted Plaintiff to avoid injury, he must present an opinion from a person with specific technical and scientific knowledge beyond the ken of an average person."); *Wills,* 379 F.3d at 46.

This deficiency is fatal to any design-defect theory in a case involving the interaction of vehicle software, touchscreen functionality, and driving dynamics under hazardous road conditions. *See Michael v. Gen. Motors Co.*, 2018 WL 6332883, at *11–12 (S.D.N.Y. Nov. 13, 2018); *Lewis,* 2024 WL 4124694, at *6. Defendant is therefore entitled to summary judgment to the extent Plaintiff asserts a design-defect claim.

### ii.    Breach of the Implied Warranty of Merchantability

Plaintiff's breach of implied warranty of merchantability claim fails for the same reasons. The implied warranty of merchantability guarantees that goods are fit for the ordinary purposes for which they are used. *See Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 230 A.D.2d 326, 329 (3d Dep't 1997). To establish breach, a plaintiff must show that the product was defectively designed or manufactured, that the defect existed when the product left the manufacturer's control, and that the defect proximately caused the injury. *Teixeria v. St. Jude Med. S.C., Inc.*, 193 F. Supp. 3d 218, 226 (W.D.N.Y. 2016). The proof required for an implied warranty claim is therefore

closely aligned with—indeed, often coextensive with—the proof required for strict products liability. *See Pinello v. Andreas Stihl AG & Co. KG*, No. 08-CV-452, 2011 WL 1302223, at *17 (N.D.N.Y. Mar. 31, 2011) ("Liability under strict products liability and implied warranty theory are essentially the same."); *Tears*, 344 F. Supp. 3d at 513 (dismissing implied warranty claim where plaintiff failed to plead sufficient facts supporting defect).

Because Plaintiff has failed to raise a triable issue of fact as to defect and causation under any theory, her implied warranty of merchantability claim likewise cannot survive summary judgment.

## B. Plaintiff's Request for Additional Discovery is Unavailing

Plaintiff's alternative request for additional discovery pursuant to Federal Rule of Civil Procedure 56(d) is also unavailing. Rule 56(d) permits a court to defer or deny summary judgment where a non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). A party seeking relief must submit an affidavit detailing (1) the specific facts sought, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what efforts were made to obtain those facts, and (4) why those efforts were unsuccessful. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989).

Plaintiff submitted no Rule 56(d) affidavit or declaration. (Dft. Reply at 10.) This failure alone is sufficient grounds to deny the request. *Paddington Partners*, 34 F.3d at 1138 ("Failure to file an affidavit under Rule [56(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."); *see also Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (affirming denial where plaintiff failed to submit the required affidavit).

Even setting aside this procedural deficiency, Plaintiff's request fails on the merits. Discovery in this action was represented as complete, and Plaintiff did not previously seek additional discovery related to expert testimony, vehicle diagnostics, or other technical evidence. (Joint Status Report, ECF No. 36; Dft. Reply at 10.) Courts routinely deny Rule 56(d) requests where discovery has closed and the request appears designed to remedy an evidentiary deficiency rather than uncover genuinely unavailable facts. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925–26 (2d Cir. 1985) (Rule 56(d) relief properly denied where party "had ample time to conduct discovery").

Most significantly, Rule 56(d) does not permit a party to avoid summary judgment by seeking discovery that would merely substitute for expert testimony the party elected not to obtain. *Celotex Corp.*, 477 U.S. at *322–23 (summary judgment appropriate where non-moving party fails to make a sufficient showing on an essential element of its case). Plaintiff made the strategic decision not to designate any expert, despite the technical nature of her claims. Rule 56(d) cannot be used to reopen discovery to cure that decision after the close of discovery and the filing of a summary judgment motion. *See Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511–12 (2d Cir. 1989) ("the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery.")

Accordingly, Plaintiff's request for additional discovery is DENIED.

## CONCLUSION

In sum, Plaintiff Robyn Nicole Wilson-Wolf's products-liability claims turn on alleged defects involving complex automotive software, electronic interfaces, and vehicle-control systems, and therefore require competent expert testimony to establish defect. Plaintiff designated no expert, offers no evidence on the touchscreen's design, feasibility of a safer

alternative, or risk–utility considerations, and provides nothing sufficient to exclude alternative, non-defect-related causes of the accident. She likewise fails to identify any specific, actionable warning deficiency or to demonstrate that an additional or different warning would have prevented her injuries or vehicle crash.

Because Plaintiff has failed to raise a genuine dispute of material fact under any theory of liability—including manufacturing defect, design defect, failure to warn, or breach of the implied warranty of merchantability—Defendant is entitled to judgment as a matter of law. Plaintiff's request for additional discovery is DENIED and Defendant's motion for summary judgment is GRANTED in its entirety.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant, to terminate the motion at ECF No. 46 and to terminate the action.

SO ORDERED:

Dated: January 12, 2026
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

15